IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EMANUEL SWINTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-cv-00745-DGK |
| EXEL INC. d/b/a DHL Supply Chain, | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This case arises from pro se Plaintiff Emanuel Swinton's allegations that Defendant Exel Inc. d/b/a DHL Supply Chain ("Defendant") discriminated against him based on his alleged disability. Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 ("ADA").

Now before the Court is Defendant's motion to dismiss for failure to state a claim. ECF No. 16. For the following reasons, the motion is GRANTED.

### Background

The Complaint alleges only that Plaintiff suffered a cervical strain while working for Defendant on March 3, 2021, and that Plaintiff filed a workers' compensation claim at some unspecified point in time. Plaintiff was terminated in September 2021. Compl., ECF No. 6.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on an unknown date. On September 11, 2023, the EEOC issued Plaintiff a right-to-sue letter. ECF No. 6-2. Plaintiff filed his Complaint on November 28, 2023.

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[N]aked assertion[s] devoid of further factual enhancement" or "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* (cleaned up) (quotation omitted).

In reviewing a pro se complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014).

**Discussion**

As an initial matter, Plaintiff's response in opposition is only two sentences and does not address Defendant's arguments. By failing to respond to Defendant's arguments, Plaintiff has waived his claims. *See Bryant v. Wal-Mart Stores E., LP*, No. 21-05068-CV-SW-LMC, 2022 WL 528856, at *2 (W.D. Mo. Feb. 22, 2022) (reiterating that failure to respond to an argument raised in a motion to dismiss constitutes waiver, and dismissal should be granted on that basis alone). Even if the Court overlooked Defendant's waiver argument—thus, giving Plaintiff the benefit of the doubt as a pro se litigant—dismissal is still warranted.

**I.      Plaintiff has not stated a claim under Title VII.**

Plaintiff alleges Defendant discriminated against him based on his disability in violation of Title VII.  "But Title VII only prohibits discrimination on the basis of race, color, religion, sex, or national origin, not disability." *Kelso v. Munter*, No. 10-0814-CV-W-ODS, 2010 WL 5092712, at *2 (W.D. Mo. Dec. 7, 2010) (citing 42 U.S.C. § 2000e-2(a)(1)).  Thus, Plaintiff's Title VII claim is dismissed.

**II.     Plaintiff has not stated a claim under the ADA.**

To establish a prima facie case of disability discrimination under the ADA, Plaintiff must establish that he "(1) is disabled within the meaning of the ADA; (2) is a qualified individual under the ADA; and (3) has suffered an adverse employment decision because of the disability." *Moses v. Dassault Falcon Jet-Wilmington Corp*, 894 F.3d 911, 923 (8th Cir. 2018) (quotation omitted); *see Denson v. Steak 'n Shake, Inc.*, 910 F.3d 368, 370 (8th Cir. 2018).

Here, Plaintiff claims his cervical strain constitutes a disability.  The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1).  The record is completely devoid of any factual allegations concerning how Plaintiff's cervical strain constitutes a disability under the ADA. *See Winfrey v. Ford Motor Co.*, No. 4:19-CV-00889-DGK, 2020 WL 1558117, at *3 (W.D. Mo. Apr. 1, 2020) (finding plaintiff failed to allege he had a disability under the ADA).

Even if Plaintiff's cervical strain was considered a disability, he has not sufficiently pled that he is a qualified individual under the ADA.  He fails to assert any facts establishing he was able to perform the essential functions of his job with or without a reasonable accommodation, which is detrimental to his claim. *See Moses*, 894 F.3d at 923 (holding that to be considered as qualified under

the ADA, the individual must be able to "perform the essential functions of the job either with or without reasonable accommodation."). He also fails to plead facts explaining how his cervical strain relates to his termination. Thus, Plaintiff's ADA claim is dismissed.

### III. Plaintiff has not stated a claim for workers' compensation retaliation.

To the extent Plaintiff's Complaint also raises a claim for workers' compensation retaliation, Defendant moves to dismiss it. "To state a claim for workers' compensation retaliation, Plaintiff must plead facts showing, or at least supporting a reasonable inference, that: (1) Plaintiff was employed by Defendant; (2) Plaintiff exercised a right under the Missouri Workers' Compensation Law; (3) Defendant discriminated against or discharged him; and (4) Plaintiff's exercise of rights under the statute was a motivating factor in his termination." *Morris v. Westrock Servs. LLC*, No. 4:21-CV-00928-DGK, 2022 WL 2276356, at *3 (W.D. Mo. June 23, 2022) (citing Mo. Rev. Stat. § 287.780).

Here, Plaintiff states only that he filed a workers' compensation claim; he fails to allege any facts suggesting his termination was connected to the filing of his workers' compensation claim. *See Iqbal*, 556 U.S. at 678 (requiring more to survive a motion to dismiss). Thus, to the extent Plaintiff brings a workers' compensation retaliation claim, it is dismissed.

### Conclusion

Defendant's motion to dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED.

**IT IS SO ORDERED.**

Date:  July 24, 2024           /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT